IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREA BLAKELY SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00360-KD-N |
| | ) | |
| JAMES GLISSON, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On October 11, 2012, an Order (doc. 8) was entered advising the plaintiff, Andrea Blakely Simon, that the handwritten document she filed on July 12, 2010 (doc. 1) did not properly advise this Court regarding either the cause of action, relief sought or the jurisdictional basis for this litigation. Consequently, Plaintiff was directed, *inter alia,* to file by no later than November 8, 2012, "a proper **COMPLAINT** which sets forth her specific claims, the relief she seeks from the defendant and the exact authority for this Court to exercise its jurisdiction over this case and the named defendant." (Doc. 8 at ¶ 2). Plaintiff was also advised that "**FAILURE TO TIMELY COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR WANT OF PROSECUTION AND FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT.**" (*Id*. at ¶ 3, emphasis in original). The Order of October 11, 2012, was mailed to the plaintiff at the only address provided to the Court by the plaintiff, but has now been returned as undeliverable by the United States Post Office.[1] The plaintiff has made no effort to inform the

---

[1] The return envelope bear a label from the U.S. Postal Service which appears to indicate that plaintiff has moved to Whistler, Alabama, but the actual address is undecipherable. (Doc. 9). Even if it
(Continued)

Court of her address or to otherwise pursue this litigation since she filed a motion to proceed *in forma pauperis* on August 9, 2010.  It is, therefore, recommended that this action be **DISMISSED without prejudice** for want of prosecution and failure to comply with the rules and orders of this Court.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this  30th  day of October, 2012.

>  /s/ Katherine P. Nelson
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

were otherwise readable, such does not relieve the plaintiff of her obligation under the Rules of this Court to keep the Court advised at all times of her address.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, *within fourteen days* of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" *within [fourteen] days* [2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added).  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this 30th day of October, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition [.]" Fed. R. Civ. P. 72(b)(2).